BENJAMIN WHITE *vs.* FREDERICK H. SANDER.
EMMA WHITE *vs.* SAME.

Middlesex. January 22, 25, 1897. — May 19, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*No Recovery for Bodily Injury caused by Fright and Mental Disturbance.*

In an action to recover damages for an injury sustained through the negligence of
another, there can be no recovery for a bodily injury caused by mere fright and
mental disturbance.

TWO ACTIONS OF TORT, that of the female plaintiff being to recover damages for injuries alleged to have been caused her by the throwing of a stone by the defendant through a closed blind into a room in which she then was, and the action of the male plaintiff, who was her husband, being to recover damages for the loss of his wife's services caused by said act.

At the trial in the Superior Court, before *Dunbar*, J., the defendant asked the judge to instruct the jury that the plaintiffs were not entitled to recover damages by reason of either mental suffering or bodily injury, if any, resulting from mere fright of the female plaintiff, produced by the throwing of the stone by the defendant into the building. The judge refused so to rule; and the defendant excepted.

The judge instructed the jury, in substance, that the plaintiffs were entitled to recover for physical injury resulting from the wrongful act of the defendant, although such physical injury might have been the result of mental shock produced by such act; and the defendant excepted.

The judge also instructed the jury, in substance, that the plaintiffs were not entitled to recover damages by reason of mere fright occasioned by the defendant's act.

The jury returned a verdict for the male plaintiff in the sum of $179.30, and for the female plaintiff in the sum of $847.47; and the defendant alleged exceptions. The facts appear in the opinion.

The cases were argued at the bar in January, 1897, and afterwards were submitted on briefs to all the justices.

*J. F. Pickering,* for the defendant.

*J. M. Lesser,* (*G. H. Fall* with him,) for the plaintiffs.

ALLEN, J.   There was no evidence that the defendant had any intention to injure the female plaintiff, or that he was aware of her delicate condition of health.   The house did not belong to her, but to her father, with whom the defendant had had an altercation.   The defendant's declared purpose was to injure the house, and he threw a large stone against it in her presence. She then ran into the front room with her little child, whereupon a large stone was wilfully thrown by the defendant, which passed through one of the blinds, all of the blinds upon the front windows being closed.   This greatly frightened her, though she was not struck or touched.   We do not understand by the bill of exceptions that the defendant knew that she was in that room, or that he had any purpose either to hit or to frighten her , or that the case was designed to present to us an intentional injury to her or to her property.   These elements being absent, the defendant was not responsible in damages for her fright, or the consequent injury to her health.   *Spade* v. *Lynn & Boston Railroad, ante,* 285.   .                    *Exceptions sustained.*