MINNIE T. SMITH *vs.* POSTAL TELEGRAPH CABLE COMPANY
OF MASSACHUSETTS.

Essex.    November 8, 1899. — November 29, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Personal Injuries caused by Fright and Mental Disturbance — " Gross
Negligence."*

The rule that there can be no recovery for sickness due to the purely internal operation of fright caused by a negligent act cannot be avoided by calling the negligence gross, and alleging that the defendant ought to have known that the result complained of would follow his act.

TORT, for personal injuries.  The declaration alleged that the defendant was a corporation operating a telegraph system; that on or about October 1, 1896, the defendant was locating telegraph poles on Western Avenue, in Lynn, " within ten feet of the building occupied by the plaintiff for a dwelling-house, and for said purpose was engaged in blasting a ledge at said place, and that reasonable care in said work required that the ledge so being blasted should be covered and protected, and that the plaintiff should be warned that it was the purpose of the defend-

ant to explode said ledge, but that the defendant did not cover or in any way protect the said ledge at the time the same was exploded, and did not in any way warn or notify the plaintiff of its purpose to explode said ledge, and by reason of the aforesaid conduct of the defendant said ledge exploded with a great noise, and large quantities of rocks were thrown high into the air and fell upon and against the house in which the plaintiff was at said time, with great force and violence, and the plaintiff, on account of said explosion and the great force and violence with which said rocks fell upon and struck said house, was made sick, and for a long time suffered great mental and bodily pain, and was unable to perform her usual work and lost the wages thereof, and incurred expenses for medicine and medical attendance. And the plaintiff says that at said time she was in the exercise of due care. And the plaintiff says that at said time the defendant knew, or in the exercise of due care ought to have known, that the plaintiff was in said dwelling-house, and that the aforesaid results would follow from said acts of the defendant, but that the defendant acted in the premises with gross carelessness and recklessness and with utter indifference to the consequences that it knew would follow from its aforesaid acts. And the plaintiff further says it was the duty of the defendant to exercise proper care in performance of the aforesaid work so that persons rightfully at said place and in the exercise of due care might not get hurt by reason of said blasting."

The defendant demurred to the declaration, assigning as ground therefor that it did not set out that there was any direct injury to the person of the plaintiff from without, arising from any act of the defendant, and did not set forth any duty or liability on the part of the defendant to the plaintiff or any legal cause of action against the defendant.

In the Superior Court the demurrer was sustained by *Lilley*, J., and the plaintiff appealed.

*E. T. McCarthy*, for the plaintiff, submitted the case on a brief.

*R. F. Sturgis*, for the defendant.

HOLMES, C. J.   The point decided in *Spade* v. *Lynn & Boston Railroad*, 168 Mass. 285, and *White* v. *Sander*, 168 Mass. 296, is not put as a logical deduction from the general principles of

liability in tort, but as a limitation of those principles upon purely practical grounds. See further *Spade* v. *Lynn & Boston Railroad*, 172 Mass. 488, and *Silsbee* v. *Webber*, 171 Mass. 378, 380, 381. If the rule is to be adhered to that there can be no recovery for sickness due to the purely internal operation of fright caused by a negligent act, it cannot be avoided by calling the negligence gross and alleging that the defendant ought to have known that the result complained of would follow his act. Negligence with reference to a given consequence means that the consequence ought to have been foreseen, and although the distinction between gross negligence and negligence is known to the law, still, having regard to the grounds for the above-mentioned rule, to allow it to be avoided by such an allegation would be to do away with it. The decisions leave open the question whether if the harm to the plaintiff was actually foreseen and intended that would make a difference. It is possible that in some cases motive and actual intent would be more considered in this Commonwealth than they would be in England. That question may be left until it arises.          *Judgment for the defendant.*