*H. F. Hurlburt,* (*D. E. Hall* with him,) for the defendant.

---

LAURA M. HOMANS *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   November 22, 1901. — February 27, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Action.   Damages.*

Where a slight injury to the person is accompanied by a nervous shock due to the same wrongful cause, the injured person may recover for the consequences of the nervous shock whether the shock was due to the visible injury or merely accompanied it.

TORT for injuries alleged to have been caused by a collision near the subway on Boylston Street in Boston, by which the plaintiff was thrown against a seat of a car of the defendant and received certain bruises and also a nervous shock which later was followed by paralysis.   Writ dated November 18, 1898.

In the Superior Court, the case was tried before *Richardson,* J. The substance of the rulings given and refused by him is stated by the court.

The jury returned a verdict for the plaintiff in the sum of $5,000; and the defendant alleged exceptions.

*P. H. Cooney,* (*A. I. Peckham* with him,) for the defendant.

*M. Coggan,* for the plaintiff, submitted a brief.

HOLMES, C. J.   This is an action for personal injuries.   The plaintiff was in one of the defendant's cars and was thrown against a seat, receiving a slight blow, in consequence of a collision for which the defendant was to blame.   She afterwards had a good deal of suffering of a hysterical nature, and the question before us on the exceptions concerns the rule of liability for the nervous shock.   It was decided in *Spade* v. *Lynn & Boston Railroad,* 172 Mass. 488, that, if the defendant was a wrongdoer, it must answer for the actual consequences of the battery to the plaintiff as she was, although she might be abnormally nervous.   It also was decided, however, that if a nervous shock was due to causes for which the defendant was not answerable, such as the behavior of a drunken man whom it was engaged in removing, it could not be held for the shock notwithstanding its liability for a battery happening at the same time.   The defendant by various requests tried to press the latter principle so far as to require the plaintiff to prove that the nervous shock was the consequence of the battery, whereas the judge allowed her to recover for a shock ending in paralysis if it resulted from a jar to her nervous system which accompanied the blow to her person.   It was understood of course that the jar was due to the same cause as the blow, and both to the defendant's fault.

We are of opinion that the judge was right and that further refining would be wrong.   As has been explained repeatedly, it is an arbitrary exception, based upon a notion of what is practicable, that prevents a recovery for visible illness resulting from nervous shock alone.   *Spade* v. *Lynn & Boston Railroad,* 168

Mass. 285, 288. *Smith* v. *Postal Telegraph Cable Co.* 174 Mass. 576. But when there has been a battery and the nervous shock results from the same wrongful management as the battery, it is at least equally impracticable to go further and to inquire whether the shock comes through the battery or along with it. Even were it otherwise, recognizing as we must the logic in favor of the plaintiff when a remedy is denied because the only immediate wrong was a shock to the nerves, we think that when the reality of the cause is guaranteed by proof of a substantial battery of the person there is no occasion to press further the exception to general rules. The difference between this case and the Spade case in its second presentation is that in the latter the defendant's wrong, if any, began with the battery and it was not responsible for the previous sources of fear, whereas here the defendant was responsible for the trouble throughout. The decisions, although not explicit, favor the conclusion to which we have come. *Canning* v. *Williamstown*, 1 Cush. 451. *Warren* v. *Boston & Maine Railroad*, 163 Mass. 484, 487.

*Exceptions overruled.*