KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY v. JENNIE DALTON.

No. 12,754.  (70 Pac. 645.)

SYLLABUS BY THE COURT.

RAILROADS — *Injury to Passenger — Fright or Mental Suffering.* In an action for damages sustained by reason of the negligence of a railway company in carrying a passenger beyond her point of destination in the night-time, thereby causing her expense, annoyance, inconvenience, loss of time, fright, and mental suffering, no recovery can be had for the fright or mental suffering as an independent element of damages, unaccompanied by physical or bodily injury.

Error from Miami district court; JOHN T. BURRIS, judge.  Opinion filed November 8, 1902.  Reversed.

*Pratt, Dana & Black,* for plaintiff in error.

*Frank M. Sheridan,* for defendant in error.

The opinion of the court was delivered by

POLLOCK, J. : This was an action brought by Jennie Dalton to recover damages from the railroad company for negligence in the discharge of its duty toward plaintiff, as a passenger.  The facts were that plaintiff, accompanied by her sister, purchased a ticket and

took passage upon one of defendant's trains from Kansas City to Fontana, Kan. The train left Kansas City about 9:45 P. M., and was due to arrive at Fontana about 11:40 P. M. It was a regular passenger-train, not scheduled to stop at Fontana except upon signal. The brothers of plaintiff were at the depot at Fontana with a conveyance to carry the sisters to their home, some two and one-half miles in the country. The train was not stopped at Fontana, but plaintiff was carried on to the station of La Cygne, some ten miles beyond her destination. When the train arrived at La Cygne, plaintiff was required to alight therefrom, and was carried back to Fontana on a freight-train, where she was compelled to hire a conveyance to carry herself and sister to their destination in the country.

It was alleged and shown that plaintiff was caused delay, expense, inconvenience, fright and mental suffering by being carried beyond her destination, in being compelled to ride upon a freight-train in the night-time, and in seeking for a conveyance to carry her and her sister from Fontana into the country, by reason of the negligence of the servants of defendant company in failing to stop the train at Fontana, and it was alleged in the petition that such negligence was wilful and wanton. No complaint of physical injury to plaintiff was alleged or shown. Plaintiff had a general verdict and judgment thereon for the sum of $300.

In answer to special questions propounded to the jury, the sum allowed in the general verdict was divided as follows: For expense incurred, $4.50; inconvenience and trouble, $45; loss of time, fifty cents; mental suffering, pain, and shock, $250. In answer to a special question, the jury refused to find any amount as punitive damages. A motion for a new

trial having been overruled, defendant brings error.

The court instructed the jury in regard to the measure of damages as follows:

"If the plaintiff recover in this action, she should recover in such sum as the jury shall find from the evidence she is entitled to as a full compensation for the additional expense, if any, which she has necessarily incurred, for the delay and consequent loss of time, if any, and for the annoyance, fright and mental anguish, if any, caused by the negligence of the defendant, its agents or employees."

This instruction and the findings made by the jury raise the question whether fright, mental suffering, pain, and shock, caused by the negligence of defendant, independent of, and unaccompanied by, physical injury, can be made the basis of a claim for damages. This question would seem to be well settled by the decisions of this court and in other jurisdictions. In *The City of Salina v. Trosper*, 27 Kan. 544, which was an action for damages against the city for negligence in maintaining an open cellar-way, it was held:

"Damages for mental suffering can be recovered in cases of this kind, where such mental suffering is an element of the physical pain, or is a necessary consequence of the physical pain, or is the natural and proximate result of the physical injury, and can be recovered in cases of this kind only under such circumstances."

In *West v. Telegraph Co.*, 39 Kan. 93, 17 Pac. 807, 7 Am. St. Rep. 530, it was held:

"Where an action is brought against a telegraph company to recover damages for a breach of contract in failing to deliver a message announcing a death, *held*, that damages cannot be recovered by the plaintiff solely for the mental anguish or suffering occasioned by the non-delivery of the message."

In *A. T. & S. F. Rld. Co. v. McGinnis*, 46 Kan. 109,
26 Pac. 453, in the opinion it was said :

"The jury found that the plaintiff below was dam-
aged sixty-five dollars by reason of peril and fright.
Damages of this kind are too remote.    A person who
is placed in peril by the negligence of another, but
who escapes without injury, may not recover damages
simply because he had been placed in a perilous posi-
tion.    Nor is mere fright the subject of damages.
Fright must be accompanied by some actual injury
caused thereby, and traceable directly thereto, to be
the subject of damages.    Mere fright, unaccompanied
by any injury resulting therefrom, cannot be the sub-
ject of damages.    (*Victorian Rly. Comm'rs v. Coultas*,
L. R. 13 App. Cas. 222.)"

In Shearman and Redfield on Negligence, fifth edi-
tion, section 761, it is said :

"Mental suffering, when connected with any bodily
injury, is always to be considered in damages.    But
damages cannot be recovered for mental suffering
alone, in an action on personal injuries, caused by
any negligence not gross and reckless.    There must
be some 'impact' or other direct injury to person or
property, to allow mental suffering to be included in
such cases."

A case very similar to the one at bar is that of
*Trigg v. The St. Louis, Kansas City & Northern Railway
Company*, 74 Mo. 147, 41 Am. Rep. 305.    It was there
held :

"A passenger on a railroad-train who is carried be-
yond her station, by the negligence of the company,
but without any circumstances of aggravation, and
without receiving any personal injury, may recover
compensation for the inconvenience, loss of time, labor
and expense of traveling back, but not for anxiety and
suspense of mind suffered in consequence of the delay,
nor the effects upon her health, nor the danger to
which she was exposed in consequence of the train

Milling Co. v. De Witt.

being stopped at her station an insufficient length of time to enable her to get off."

It being neither alleged nor shown that plaintiff received any physical or bodily injury as a result of the negligence of defendant, and the jury having found by their special verdict that plaintiff was not entitled to recover punitive damages for wilful or wanton negligence, the motion for a new trial should have been sustained, as it was error to permit a recovery on the general verdict for an element of damages which, upon the pleadings and findings of the jury, was improper in this case.

It follows that the judgment must be reversed and a new trial awarded.

All the Justices concurring.