MARIA CAMERON *vs.* NEW ENGLAND TELEPHONE AND
TELEGRAPH COMPANY.

ANGUS E. CAMERON *vs.* SAME.

Essex.    November 5, 1902. — November 25, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Witness. Damages. Actionable Tort,* Injury from fright. *Negligence. Proximate Cause.*

Where a witness on cross-examination corrects or modifies a statement made on his direct examination, this does not in all cases preclude the jury from accepting his first statement as the true one.

If a woman is thrown from her chair by an explosion and suffers injuries which principally are due to fright, she can recover from one whose negligence caused the explosion for the effects of the fright as well as for the effects of the blow.

If a woman is injured by a fall due to her stumbling when rising from her chair in consequence of fright caused by an explosion, she may recover against one whose negligence caused the explosion. And *semble,* that if her fall was due to fainting when rising from her chair by reason of fright she still might have a cause of action.

TWO ACTIONS OF TORT as stated by the court.    Writs dated June 29, 1900.

In the Superior Court *Pierce,* J. refused to order verdicts for the defendant.    The jury returned a verdict for the plaintiff in each case, in the first case in the sum of $1,500 and in the second case in the sum of $500.    The defendant alleged exceptions.

*E. K. Hall,* (*J. C. Bassett* with him,) for the defendant.

*H. J. Cole,* (*W. S. Peters* with him,) for the plaintiffs.

HOLMES, C. J.    These are actions brought respectively by a woman for physical injuries and by her husband for loss of services by reason of the same injuries.    It is not disputed that the woman was hurt in consequence of a blast of dynamite, exploded without warning near the house where she was sitting.    It is admitted that she was using due care, and it is not argued that the defendant was not negligent in exploding the blast, if the consequences that followed can be attributed properly to the defendant as the responsible cause.    The only ground of defence is that the accident was due solely to the internal operation of

fright causing a fainting fit and a miscarriage, and that the case is within *Spade* v. *Lynn & Boston Railroad*, 168 Mass. 285, *White* v. *Sander*, 168 Mass. 296, and *Smith* v. *Postal Telegraph Cable Co.* 174 Mass. 576. The case is here on exceptions to a refusal to take the case from the jury, and to specific instructions with which we shall deal so far as they are pressed.

Our knowledge of the precise way in which the accident happened depends on the testimony of the female plaintiff alone. She stated repeatedly· that she was sitting in a rocking chair, when there was an explosion and a jar, and the next thing that she remembered she found herself on the floor. There is no question that the jury might have found that the fall to the floor was the cause of her subsequent illness. Indeed that is the most probable view. On the foregoing facts alone we are not quite prepared to say that the jury might not have found further, however little likely under the other testimony in the case, that she was thrown from her chair. If so, of course there is no question that the verdict was justified. Moreover this view is not excluded by the fact that on cross-examination the witness stated that she tried to rise, or started to get up, and fell. Very likely there might be cases where justice to the defendant would require the court to accept a correction made by a witness on cross-examination as modifying whatever might have been said on direct, but that is not a universal rule. *Purple* v. *Greenfield*, 138 Mass. 1, 7. Here the jury might have found that the original statement was as definite as the witness was capable of making it, the circumstances being such that accurate memory was not to be expected. If she was thrown from her chair, the jury were not called upon to discriminate between the effects of fright and the effects of the blow. *Homans* v. *Boston Elevated Railway*, 180 Mass. 456.

But undoubtedly the jury might have found that the plaintiff started to get up and then fell. With reference to this aspect of the case, the defendant asked for a ruling that the plaintiff could not recover unless she was thrown from her chair. This the court gave, although it seems to have been a possible, however improbable, conclusion from the expert evidence that the injury was caused by the jar irrespective of the fall. But the court added that if the jury found that the plaintiff fell and was

hurt as a part of arising, or attempting to arise from her chair, she might recover. This was excepted to in general terms, no further discriminations being asked.

The instruction was correct with reference to the case of which in all probability the judge was thinking, and to which he naturally would be taken to refer. If the fall was due to a trip or stumble, as the rising was a natural consequence of the alarm caused by the explosion, the defendant still would be liable. The principle of the Spade case is confined strictly to cases where the connection of the physical illness with the fright is wholly internal. When the fright reasonably induces action which results in external injury, the defendant may be liable as well as when the impact is brought about without the intervention of the plaintiff's consciousness. *Warren* v. *Boston & Maine Railroad*, 163 Mass. 484, 487. *Gannon* v. *New York, New Haven, & Hartford Railroad*, 173 Mass. 40. It is true that there is another possible view of the facts. There was no express evidence of a stumble, and the jury might have thought that it was more likely that the plaintiff partly rose and then fainted and fell. Such a case would be different from those which heretofore have been before the court. Probably even in that case, where the effect of the fright was to bring about an injury by impact, we should not distinguish between the different modes in which the injury was accomplished. As was said in *Homans* v. *Boston Elevated Railway*, 180 Mass. 456, the reality of the cause is guaranteed sufficiently. But if it was desired to raise so nice a distinction, we think the judge's attention should have been called to it, when the appearance was that he was not thinking specifically of the supposed case.

*Exceptions overruled.*