Crew, J.
The amended petition in this case contained two alleged causes of action, each separately stated and numbered. The wrong complained of by plaintiff in her first cause of action was, that the defendant railroad company in operating and managing a certain locomotive to which were attached a number of cars, negligently and with great force shoved or pushed said cars off of the end of its switch track, across a public street and against and into the dwelling house of plaintiff thereby injuring and damaging said dwelling house and' other property of the plaintiff to the extent of five hundred dollars. As a second and separate cause of action, she alleged that at the time of said accident she was standing on her own premises *316 within a few feet of the point where said cars struck her dwelling house, and in consequence, and as the result of witnessing said accident “she suffered a severe nervous shock that shattered her i nervous system and caused her great bodily pain and mental anguish and permanent injury to her 'I person and health.” There was no claim or allegation in said petition that plaintiff at the time of said accident received any actual bodily injury, or that the negligence of the defendant was willful or wanton. A demurrer addressed to this second cause of action was sustained by the court and said cause of action was dismissed, and the present record presents for determination the single question, whether or not in an action for negligence, I unaccompanied by any element of wantonness or intentional wrong, there can be a recovery of damjages for alleged physical injury caused by mere ¡¡fright or shock. While the precise question thus presented has not heretofore been determined by this court it has received the consideration of, and been decided by, courts of last resort in many of the other states; and the right to recover for injuries so caused has been almost universally denied. In the case of Ewing and Wife v. P. C. C. & St. L. Ry. Co., 147 Pa. St., 40, a case very like the present case, the plaintiffs alleged in their petition, as and for their cause of action, that in consequence of a collision of trains on defendant’s railway, “The cars of the defendant company were broken, overturned and thrown from the track and fell upon the lot of ground and premises of the plaintiffs, and against and upon the dwelling house of plaintiffs and thereby and by reason thereof *317 greatly endangered the life of the said Eva Ewing, then being in said dwelling house, and subjected her to great fright, alarm, fear and nervous excitement and distress, whereby she then and there became sick and disabled, and continued to be sick, and disabled from attending to her usual work and duties, and suffered and continues to suffer great mental and physical pain and anguish, and is thereby permanently weakened and disabled, and that she was and is thereby otherwise injured and damnified, wherefore she claims damages in the sum of five thousand dollars, and demands judgment therefor.” To this petition the railway company demurred, and the common pleas court entered judgment for the defendant on said demurrer. This judgment was affirmed by the Supreme Court. The syllabus of the case is as follows: “A statement of claim averring that, by a collision on defendant’s railroad, through the negligence of defendant’s' employes, the cars were derailed and thrown against plaintiff’s dwelling, subjecting her to fright and to nervous excitement permanently weakening and disabling her, exhibits no cause of action. Mere-’ fright, occasioned by such an accident, producing permanent injury to the nervous system, is a result too remote to be actionable. No well-considered case has held that fright alone, not resulting1 from or accompanied by some physical injury to' the person, will sustain an action for negligence.” In Spade v. Lynn & Boston Railroad Co., 168 Mass., 285, the declaration of plaintiff, after charging certain specific acts of negligence on the part of defendant’s agents and servants, alleged *318 that defendant “thereby frightened the plaintiff and subjected her to a severe nervous shock, by which nervous shock the plaintiff was physically prostrated, and suffered and has continued to suffer great mental and physical pain and anguish, and has been put to great expense.” The syllabus of the case is as follows: “In an action to recover damages for an injury sustained through the negligence of another, there can be no recovery for a bodily injury caused by mere fright and mental disturbance.” In the opinion the court say: “The law of negligence, in its special application to cases of accidents, has received great development in recent years. The number of actions brought is very great. This should lead courts well to consider the grounds on which claims for compensation properly rest, and the necessary limitations of the right to recover. We remain satisfied with the rule that there can be no recovery for fright, terror, alarm, anxiety, or distress of mind, if these are unaccompanied by some physical injury; and if this rule is to stand, we think it should also be held that there can be no recovery for such physical injuries as may be caused solely by such mental disturbance, where there is no injury to the person from without. The logical vindication of this rule is, that it is unreasonable to hold persons who are merely negligent bound to anticipate and guard against fright and the consequences of fright; and that this would open a wide door for unjust claims, which could not successfully be met.” In Gulf, Colorado & Santa Fe Railway Co. v. Trott, 86 Tex., 412, the plaintiff claimed and was allowed *319 damages in the county court for alleged negligence on the part of the railway company, whereby plaintiff’s team of horses, hitched to a wagon in which plaintiff was traveling, became frightened and broke the wagon, putting plaintiff in fear for his own personal safety, and causing him, as he alleged in his complaint, “great mental suffering, vexation and anxiety of mind.” There being evidence tending to support these allegations, the jury was instructed that if plaintiff was frightened and put in fear of his personal safety, and was cauáed mental pain or anxiety, they should allow him reasonable compensation therefor. Under the practice in that state, the court of civil appeals certified to the Supreme Court the following questions for decision: “(i) In an action for damages based upon tortious and negligent conduct of a defendant, where the wrongful act causes damage to plaintiff’s property, but no physical injury to plaintiff, is mental suffering an element of actual damages? (2) Can actual damages be recovered for mental suffering when there is no physical injury, no injury to property, nor other element of actual damages ?*’ The court responded: “We are of opinion that these questions should be answered in the negative. So far as we have been able to discover, all the cases involving the question of the right to recover for fright alone are in accordance with that holding.” In Mitchell v. Rochester Ry. Co., 151 N. Y., 107, it was held: “No recovery can be had for injuries sustained by fright occasioned by the negligence of another, where there is no immediate personal injury.” The facts of that case were as *320 follows: Plaintiff was standing upon a crosswalk on Main street, in the city of Rochester, awaiting an opportunity to board one of the defendant’s cars which had stopped upon the street at that place. While standing there, and just as she was about to step upon the car, a horse car of the defendant came down the street. As the team attached to the car drew near, it turned to the right and came so close to the plaintiff that she stood between the horses’ heads when they were stopped. She testified that from fright and excitement caused by the approach and proximity of the team she became unconscious, and also that the result was a miscarriage -and consequent illness. Medical testimony was given to the effect that the mental shock which she then received was sufficient to produce that result. The court in the opinion say: “Assuming that the evidence tended to show that the defendant’s servant was negligent in the management of the car and horses, and that the plaintiff was free from contributory negligence, the single question presented is whether the plaintiff is entitled to recover for the defendant’s negligence which occasioned her fright and alarm, and resulted in the injuries already mentioned. While the authorities are not harmonious upon this question, we think the most reliable and better considered cases, as well as public policy, fully justify us in holding that the plaintiff can not recover for injuries occasioned by fright, as there was no immediate personal injury. If it be admitted that no recovery can be had for fright occasioned by the negligence of another, it is somewhat difficult' to understand how a defendant *321 would be liable for its consequences. Assuming that fright can not form the basis of an action, it is obvious that no recovery can be had for injuries resulting therefrom. That the result may be nervous disease, blindness, insanity, or even a miscarriage, in no way changes the principle. These results merely show the degree of fright or the extent of the damages. The right of action must still depend upon the question whether a recovery may be had for fright. If it can, then an action may be maintained, however slight the injury. If not, then there can be no recovery, no matter how grave or serious the consequences. If the right of recovery in this class of cases should be once established, it would naturally result in a flood of litigation in cases where the injury complained of may be easily feigned without detection, and where the damages must rest upon mere conjecture or speculation. The difficulty which often exists in cases of alleged physical injury, in determining whether they exist, and if so, whether they were caused by the negligent act of the defendant, would not only be greatly increased, but a wide field would be opened for fictitious or speculative claims. To establish such a doctrine would be contrary to principles of public policy.” In Atchison, Topeka & Santa Fe Ry. Co. v. McGinnis, 46 Kans., 109, the court say: “The jury found that the plaintiff below was damaged $65 by reason of peril and fright. Damages of this kind are too remote. A person who is placed in peril by the negligence of another, but who escapes without injury, may not recover damages simply because he had been placed in a perilous *322 position. Nor is mere fright the subject of damages. Fright must be accompanied by some actual injury caused thereby, and traceable directly thereto, to be the subject of damages. Mere fright, unaccompanied by any injury resulting therefrom, can not be the subject of damages.” In Victorian Railway Comrs. v. Coultas, 13 Law Reports, Appeal Cases, 222, the facts were, that the gatekeeper at a railway crossing negligently permitted the plaintiff’s carriage to cross the railway track just as a train was approaching. The approach of the train was discovered by the driver of the carriage in time to prevent a collision, but the peril was imminent and the plaintiff, a woman, was greatly frightened. It was said by Sir Richard Couch, in the opinion in that case: “The rule of English law as to the damages which are recoverable for negligence is stated by the Master of the Rolls in The Notting Hill, 9 P. D., 105, a case of negligent collision. It is that the damages must be the natural and reasonable result of the defendant’s act; such a consequence as in the ordinary course of things would flow from the act. According to the evidence of the female plaintiff her fright was caused by seeing the train approaching, and thinking they were going to be killed. Damages arising from mere sudden terror unaccompanied by any actual physical injury, but occasioning a nervous or mental shock, can not under such circumstances, their Lordships think, be considered a consequence which, in the ordinary course of things, would flow from the negligence of the gatekeeper. If it were held that they can, it appears to their Lordships it would be extend *323 ing the liability for negligence much beyond what that liability has hitherto been held to be. Not only in such a case as the present, but in every case where an accident caused by negligence had given a person a serious nervous shock, there might be a claim for damages on account of mental injury. The difficulty which now often exists in case of alleged physical injuries of determining whether they were caused by the negligent act would be greatly increased, and a wide field opened for imaginary claims.” Scheffer et al., Exrs., v. Railroad Co., 105 U. S., 249, was a suit to recover damages for the death of one Charles Scheffer, who was injured by the negligence of the defendant railroad company, and as a result of the injuries received, he became insane and while in that condition committed suicide. Mr. Justice Miller in the course of the opinion in that case in discussing the relation of defendant’s negligence to the cause of death, said: “The proximate cause of the death of Scheffer was his own act of self-destruction. The argument is not sound which seeks to trace this immediate cause of the death through the previous stages of mental aberration, physical suffering, and eight months’ disease and medical treatment to the original accident on the railroad. Such a course of possible or even logical argument would lead back to that ‘great first cause least understood,’ in which the train of all causation ends. The suicide of Scheffer was not a result naturally and reasonably to be expected from the injury received on the train. It was not the natural and probably consequence, and could not have been foreseen in the light of *324 the circumstances attending the negligence of the officers in charge of the train.- 'His insanity, as a cause of his final destruction,’ was as little the natural or probable result of the negligence of the railway officials, as his suicide, and each of these are casual or unexpected causes, intervening between the act which injured him, and his death.” The same general rules and principles announced and applied in the foregoing decisions- are recognized and find support in the following additional cases: White v. Sander, 168 Mass., 296; Nelson v. Crawford, 122 Mich., 466; Wyman v. Leavitt, 71 Me., 227; Smith v. Postal Telegraph Cable Co., 174 Mass., 576; Braun v. Craven, 175 Ill., 401; Kansas City, Ft. Scott & Memphis Railroad Co., v. Dalton, 65 Kans., 661; Haile’s Curator v. Texas & Pacific Ry. Co., 60 Fed. Rep., 557; Sanderson v. Railway Co., 88 Minn., 162; Deming v. C. R. I. & P. Railway Co., 80 Mo. App., 152; Johnson v. Wells, Fargo & Co., 6 Nev., 224; Canning v. The Inhabitants of Williamstown, 1 Cush., 451. See also Morton v. The Western Union Telegraph Co., 53 Ohio St., 431.
There is a line of cases found in the reports in > which it is held by the courts, that the rule requiring actual physical injury or bodily hurt, in order jto warrant a recovery- in negligence cases for ¡mental distress or nervous shock, does not apply ¡¡where the negligent act complained of is committed, by the defendant wilfully, wantonly or maliciously. And there is yet another class in which it is held that if the physical injury is the natural, probable and proximate result.of a nervous condition, which itself is the natural and proximate *325 consequence of the defendant’s negligence, that then, there may be a recovery in damages, irrespective of any bodily. injury to plaintiff at the time of his fright' or mental shock. Many, if not all, the cases cited by counsel for plaintiff in error in support of the contention here made by him, fall within -one, or the other of these two classes, and in consequence they are clearly distinguishable from the case at bar, and need not here be discussed. In the present case the plaintiff, Elizabeth Miller, does not allege intentional and willful negligence ■ on the part of the defendant, nor does she claim that defendant knew, or could reasonably have anticipated, that its negligent act of which she complains, would cause her “severe nervous shock, great bodily pain and mental anguish, and permanent injury to .her person and health.” The rule is elementary, that a defendant in an action for negligence can be held to respond in damages only for the immediate and proximate result of the negligent act complained of, and in determining what is direct or proximate cause, the rule requires that the injury sustained shall be the natural and probable consequence of the negligence alleged; that is, such consequence as under the surroj-inding circumstances of the particular case might, and should have been foreseen or anticipated by the wrongdoer 'as likely to follow his negligent actj Being of opinion, that measured by this rule, the injury complained of by Elizabeth Miller in her second cause of action is not such that the defendant railroad company is legally liable therefor, we hold, both upon that ground, and upon the ground of public policy, *326 that in a case like the present, no legal liability-can be predicated upon injury resulting from mere fright or nervous shock. The judgments of the courts below are

Affirmed.

Price, C. J., Shauck, Summers, Spear and Davis, JJ., concur.