ELLA CONLEY *vs*. UNITED DRUG COMPANY.

Norfolk.   March 27, 1914. — June 16, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Fright accompanied by physical injury, In guarding explosives, *Res
  ipsa loquitur.   Actionable Tort.   Evidence,* Presumptions and burden of proof.

*It seems* that if a girl is at work in a shop and an explosion occurs so violent as to
  splinter and rip up the floor and throw bottles about the room and break them,
  and the girl thereupon faints and cannot remember that she was struck by any-
  thing or was thrown down, but on an examination made after the accident a
  physician finds bruises on her body which could have been caused by a fall
  or by being thrown violently against some object in the room, the girl has a
  cause of action against a person whose wrongful act or negligence caused the
  explosion, although the principal injuries suffered by her were due to fright,
  there being evidence of accompanying physical injury.
*It seems* that, if a girl is so frightened by an explosion that she faints and falls
  unconscious to the floor, where she sustains some physical injury, she has a
  cause of action against a person who wrongfully caused the explosion.
In an action for personal injuries from an explosion caused by the bursting of a
  cylindrical steel tank filled with carbonic acid gas, proof of the fact, that the ex-
  plosion occurred in the basement of a building owned and, with the exception of
  the first floor, occupied by the defendant as a factory, is not evidence for the
  jury of the defendant's liability, where there is nothing to show that at the time
  of the explosion the tank was in the defendant's custody or control, or to show
  how it happened to be in the basement of the defendant's building or how long
  it had remained there, and where also there is no evidence that such tanks
  or their contents were manufactured, used or dealt in by the defendant in
  connection with his business, nor any evidence to show the nature of that busi-
  ness or to show that the defendant had any reason to believe that the tank
  was on his premises until after the explosion had occurred.
The right of a jury to disbelieve a defendant's denial of the existence of a fact
  essential to the plaintiff's case does not furnish the plaintiff with evidence of
  that fact.
In an action for personal injuries the rule of *res ipsa loquitur* is not applicable
  unless the defendant had control of the thing that caused the injury.

TORT for personal injuries sustained on November 6, 1911, when
the plaintiff was engaged in the performance of her duties as an
employee of the United Perfume Company, by reason of an ex-
plosion that occurred in the basement of the building numbered
63 on Leon Street in Boston "where the defendant carried on its
business," the first floor of the building being occupied by the

plaintiff's employer as a tenant of the defendant, which owned the building and occupied the other floors and the basement. Writ dated November 24, 1911.

In the Superior Court the case was tried before *McLaughlin, J.,* who at the close of the plaintiff's evidence, which is described in the opinion, refused to order a verdict for the defendant, and it was agreed by the parties that the plaintiff's damages should be assessed at $600 and that, if there was evidence to submit to the jury, the judge should find for the plaintiff, both parties waiving a jury trial, and should report the case to this court. The judge accordingly found for the plaintiff in the sum of $600; and reported the case for determination by this court. If it would have been proper to submit the case to the jury, judgment was to be entered for the plaintiff in this sum, with interest from the date of the finding; otherwise, judgment was to be entered for the defendant.

The case was submitted on briefs.

*E. C. Stone,* for the defendant.

*H. C. Haskell,* for the plaintiff.

CROSBY, J. This is an action brought by a minor, by her next friend, for physical injuries alleged to have been received by her by reason of the explosion of a cylindrical tank. This tank was about four feet long and seven inches in diameter, and contained liquid carbonic acid gas. The explosion occurred in the basement of a building owned and, with the exception of the first floor, occupied by the defendant as a factory. The plaintiff was employed by the United Perfume Company, which occupied the first floor of the building.

1. The defendant contends that the plaintiff's injuries were due wholly to fright, and that she is precluded from recovery under the rule established in the case of *Spade* v. *Lynn & Boston Railroad,* 168 Mass. 285. The jury would have been warranted in finding upon the evidence that the explosion was so severe as to cause the floor near where the plaintiff and other girls were at work to be splintered and ripped up, that bottles were thrown about the room and broken, and that the girls who were employed on this floor with the plaintiff were greatly excited and endeavored to escape. The plaintiff testified that she did not recall that she was struck by anything or that she was thrown down, but that

she fainted and did not recollect anything thereafter until she found herself at her home. There was also evidence that she was examined by a physician on the morning after the explosion; that this examination "disclosed tenderness on the plaintiff's right side, shoulder and hip, and some days later a slight discoloration developed on the shoulder and side, and there was a mark over her right shoulder and another near her hip." The physician testified that these injuries could have been caused by a fall or by being thrown violently against some object in the room. In view of the effect of the explosion upon the plaintiff and the fear and fright caused thereby, a jury might find, notwithstanding the absence of direct testimony to that effect, that she was thrown to the floor or against some object and so received the physical injuries described. Upon such a finding, manifestly the rule laid down in *Spade* v. *Lynn & Boston Railroad, ubi supra,* would not be applicable. If, as the defendant contends, the physical injuries which the plaintiff received were due to her falling upon the floor when by reason of fright she fainted and became unconscious, still we are of opinion that the rule adopted in *Spade* v. *Lynn & Boston Railroad* does not apply. We think that if the effect of the excitement and fright under which the plaintiff labored was to cause her to faint and fall to the floor and thereby sustain physical injuries, she would not be barred from recovery. The distinction between the case at bar and the Spade case lies in the fact that in that case, unlike the present case, there was no evidence of physical injury, and for that reason it was held "that there can be no recovery for fright, terror, alarm, anxiety, or distress of mind, if these are unaccompanied by some physical injury." *Spade* v. *Lynn & Boston Railroad,* 168 Mass. 285, 290. *Gannon* v. *New York, New Haven, & Hartford Railroad,* 173 Mass. 40. *Berard* v. *Boston & Albany Railroad,* 177 Mass. 179. *Homans* v. *Boston Elevated Railway,* 180 Mass. 456, 458. *Cameron* v. *New England Telephone & Telegraph Co.* 182 Mass. 310. *Driscoll* v. *Gaffey,* 207 Mass. 102.

2. Without question the plaintiff was physically injured as the result of the explosion and while she was in the exercise of due care. Proof of these facts alone, however, are not sufficient to entitle her to recover. In addition some evidence of negligence on the part of the defendant must appear in order that it may be

charged with liability. The negligence charged is in substance that the defendant so negligently kept, used and employed on its premises certain chemicals that an explosion occurred whereby the plaintiff was injured. The undisputed evidence shows that the explosion was caused by the bursting of a cylindrical steel tank filled with carbonic acid gas, and that at the time of the explosion this tank was upon the defendant's premises. It is plain that the mere fact of the explosion of the tank upon the defendant's premises is not sufficient to charge it with negligence. In other words, the defendant's liability cannot be established by proof of the explosion alone. To charge the defendant with negligence there must be some evidence (aside from the presence of the tank on the defendant's premises at the instant of the explosion) to show that it was at that time in its custody and control.

In our opinion, there was an entire absence of such evidence. The defendant's superintendent, in answer to interrogatories, stated that he did not know the cause of the explosion, that the tank was not rightfully on the premises at that time, and was not handled by any employee or other agent of the defendant, and that it was not being handled under his immediate personal supervision. But the jury might not have believed this evidence. Yet the superintendent's denial that the tank was rightfully on the premises would not furnish evidence that it was rightfully there, or in the custody or control of the defendant. All that the evidence presented shows is that the tank at the moment of the explosion was upon the defendant's premises. How it happened to be there, whether rightfully or otherwise, and how long it had remained there does not appear; nor is there any evidence to show that such tanks or their contents were manufactured, used or dealt in by the defendant in connection with its business. There is no evidence to show the nature of the business the defendant was engaged in, and nothing to show that it knew or had any reason to believe that the tank was on its premises until after the explosion occurred. Under these circumstances, there is no evidence to warrant a finding that the defendant had any control over it, or was in any way responsible for its presence. *Kendall* v. *Boston,* 118 Mass. 234. *McIntire* v. *Roberts,* 149 Mass. 450. *McGee* v. *Boston Elevated Railway,* 187 Mass. 569. *Saxe*

v. *Walworth Manuf. Co.* 191 Mass. 338. 29 Cyc. 477, 478. See also *McNicholas* v. *New England Telephone & Telegraph Co.* 196 Mass. 138.

The rule of *res ipsa loquitur* cannot be held to apply in this case because it never is applicable unless the defendant has control of the agency which causes the injury.

It follows that judgment must be entered for the defendant in accordance with the terms of the report.

*So ordered.*