Carr, J.
This is an action of contract upon an implied warranty of fitness of a loaf of bread sold by defendant to plaintiff.
There was evidence on which it could be found that the bread was purchased by plaintiff of defendant; that plaintiff ate thereof and that in so doing she swallowed some hair contained in the bread; that the paper wrapper had been gnawed away at the end and a large hole gnawed away into the bread clear to the slice of bread which plaintiff had eaten; that she was made sick as a result and that since she has. feared to eat food. It is not an unwarranted inference that the hole was gnawed and the hair left by a rat or mouse. In fact the trial judge gave a ruling that “Upon all the evidence the court can find that the hole in question was made by a rat or mouse, and therefore the said loaf of bread was not fit for the purpose for which it was intended”.
The plaintiff requested eight rulings. The first six relating to warranty were given, as well as the eighth relating to proof.
*522 The seventh request was as follows: “The plaintiff’s anguish of mind, which resulted from eating of the loaf of bread in question, is an element of damage for which the plaintiff is entitled to be compensated”. The judge denied this request, assigning as reason therefor, “unless there is physical injury”, and stated, “I find that the plaintiff suffered no physical injury and that her entire sufferings were mental”, and found for the defendant.
It is the correctness of the disposition of the seventh request that is before us.
The trial judge apparently applied the rule of damages relating to torts with the limitations set up by the Spade case. In tort ordinarily a plaintiff may recover for all the natural and probable consequences of the defendant’s negligent act. By the Spade case an arbitrary limitation was set up that “there can be no recovery for such physeial injuries as may be caused solely by such mental disturbance where there is no injury to the person from without”. Spade v. Lynn & Boston R. R., 168 Mass. 285. Spade v. Lynn & Boston R. R., 172 Mass. 488.
In a later case it was said: “The principle of the Spade case is confined strictly to eases- where- the connection of the physical illness with the fright is wholly internal.” Cameron v. New Eng. Tel. & Tel. Co., 182 Mass. 310, 312.
The Spade case was tried twice. At the first trial there was no evidence of assault on the plaintiff; her mental distress rose solely from seeing the conductor performing the lawful duty of removing a drunken man from the car in which she was riding. In the second trial there was evidence that on removing the drunken man the conductor jostled another inebriate, who fell against the plaintiff. The court did not determine whether there was any negligence in the manner of expelling the drunken man, as it ordered a new trial for another reason. The trial judge had instructed the *523 jury that if there was physical injury with fright, the plaintiff could recover for the damages caused by the fright and that “the jury . . . might take all that happened as one whole”. The reviewing court pointed out that the wrong began with the battery; that for the consequences of the battery the defendant was liable; not for the prior events, e. g., the presence of the drunken man in the car and the attempt to remove him. cf. Homans v. Boston Elevated Ry. Co., 180 Mass. 456, 458.
Again discussing the Spade case Holmes, C. J., the writer of the opinion after the second trial said, “The point decided ... is not put as a logical deduction from the general principle of liability in tort, but as a limitation of those principles upon purely practical grounds”. Smith v. Postal Tel. Cable Co., 174 Mass. 576.
The rule of the Spade case strictly limited to the point decided is at present fixed in Massachusetts law relating to torts for negligence. The animadversions of text writers have not altered it but they fortify legal logic against extending it. cf. Magruder, Mental & Emotional Disturbance in the Law of Torts, Harvard Law Rev., May, 1936. cf. Bohlen, Torts, pp. 288-290.
In Homans v. Boston Elevated Ry. Co., 180 Mass. 456, 458, supra, Holmes, C. J., said, “But when there has been a battery and the nervous shock results from the same wrongful management as the battery, it is at least equally impracticable to go further and to inquire whether the shock comes through the battery or along with it. Even were it otherwise, recognizing as we must the logic in favor of the plaintiff when a remedy is denied because the- only immediate wrong was a shock to the nerves, we think that when the reality of the cause is guaranteed by proof of a substantial battery of the person there is no occasion to press further the exception to general rules.” cf. Cameron v. New Eng *524 land Tel. & Tel. Co., 182 Mass. 310, supra, cf. Driscoll v. Gaffey, 207 Mass. 102,107.
There is no such thing in the law of torts as negligence in the abstract. Negligence is important only when it relates to some person to whom the negligent party owes a duty. Tompkins v. Quaker Oats Co., 239 Mass. 147, 149. Goodwin v. E. B. Nelson Grocery Co., 239 Mass. 232, 234. Nor does negligence toward a person to whom a duty is owed give rise to an action of tort for negligence unless damage to such person is done. Sullivan v. O. C. St. Ry. Co., 200 Mass. 303, 307, 308. Allen v. Boston Elevated Ry. Co., 212 Mass. 191,195.
If then judicial fiat says arbitrarily that mental disturbance alone is not damage, no tort exists where only that results from negligence.
But there is no difficulty in the law of torts in assessing damages for mental disturbance “where the reality of the cause (of action) is guaranteed”. Where a cause of action is established, not depending on mental disturbance as cause, mental disturbance may be an item of damage.
Thus where a wrongful eviction was proved the plaintiff was allowed to recover for injury to his feelings by reason of the indignity and insult of being turned out of his home with his family. Fillebrown v. Hoar, 124 Mass. 580.
And where a slander has been proved recovery may be had for injured feelings. Lombard v. Lennox, 155 Mass. 70.
And where a trespass is proved recovery for injury to feelings from the defendant who removed the body of the plaintiff’s child from the burial lot may be had. Meagher v. Driscoll, 99 Mass. 281.
As well as where a nuisance is committed. Malone v. Belcher, 216 Mass. 209. Hakkila v. O. C. Broken Stone &c. Co., 264 Mass. 447, 453.
*525 Where through the negligence of the defendant the plaintiff’s clothes took fire and she put the fire out without injury to her body, but wrenched muscles when through apprehension she jumped away from danger, she was allowed to recover. The court said, p. 513, ‘ ‘ The injury to the person by the impact of force coming from without, whether intentionally or negligently inflicted, may leave no external marks of violence, while most seriously affecting health or possibly life itself. . . . It is an over refinement for the defendant to urge that . . . the resulting strain and shock when she sprang to avoid an anticipated danger was not a physical injury, which if her person had been even slightly burned must have been conceded”. Steverman v. Boston El. Ry. Co., 205 Mass. 508.
And where a plaintiff is illegally expelled from office or school, mental suffering is an element of damages. Stiles v. Lowell, 233 Mass. 174, 184, 185. Morrison v. Lawrence, 181 Mass. 127, 132.
As stated by Magruder, op. cit., p. 1048, “According to the familiar formula this interest is not given independent •protection; such redress as the law affords for its invasion is ‘parasitic’ upon a cause of action for the violation of some other recognized legal right.” cf. Restatement of the Law, Torts, §47 (b).
So far we have considered the rule of damages in relation to torts. The case before us is an action of contract. There is no question, if the evidence is believed, that a warranty was given and broken and that whether substantial damages are awarded or not the plaintiff is entitled to nominal damages. In other words a bona fide action is shown. Hooten v. Barnard, 137 Mass. 36, 37.
The rule of damages in contract is variously stated. In some cases it may be the difference in value between the thing sold and the thing delivered. It is often stated that *526 the contracting party is liable for such damages as reasonably may be supposed to have been contemplated by the parties, when making the contract, as the probable result of its breach. Whitehead & Atherton Mach. Co. v. Ryder, 139 Mass. 366, 370.
But “where special or exceptional circumstances are made to appear, resort may be necessary to a more fundamental rule in order to do justice. That rule is, that a party injured by the breach of a contract is entitled to be compensated for the loss sustained as the natural and probable consequences flowing from the failure of the other party to perform the contract by the other party, or which reasonably may be presumed to have been within the contemplation of the parties at the time the contract was made as probable result of a breach of it.” Hall v. Paine, 224 Mass. 62, 69. cf. Leavitt v. Fiberloid Co., 196 Mass. 440, and cases cited.
■ In other words compensation is the object sought and in the final analysis there is little difference in the fundamental rules governing damages in tort or in contract.
In approaching the particular question before us we meet with the general statement that mental suffering resulting from breach of contract has been held not to be a subject for compensation, although the same text shows many exceptions in various jurisdictions. Sedgwick on Damages, 9th ed., §45 et seq.
It has been decided in Massachusetts that in an action for breach of a contract by the proprietor of a private school to accept the plaintiff as a pupil, the plaintiff is not entitled to recover for damages resulting from anxiety of mind and disappointment caused by the defendant’s breach of the contract. Stratton v. Posse Normal School, 265 Mass. 223.
*527 The opinion says, p. 225, “Damages for breach of contract are such as are the natural and proximate consequences of the breach, which it may be supposed entered into the contemplation of the parties when the contract was made, and such as might naturally be expected to result from its breach. Damages not directly traceable to the violation of the contract or which result from other causes are not allowed. Anxiety of mind and disappointment which may be suffered when a contract is broken are not elements .of damage to be recovered in an action of contract; they are too remote”. . . . “The plaintiff relies on Morrison v. Lawrence, 181 Mass. 127. That case was in tort and is not applicable.”
The ground that the damages are too remote seems to have been sufficiently disposed of by Bohlen in the work already cited.
If the test is the consequences of a breach which the parties contemplated when the contract was made, one might wonder what type of moronic minds the court thought the parties to this contract must have had. A more striking but perhaps no stronger case might be suggested. A young man from a New England country town, leader of his class in the local high school, passes the examinations for Harvard, pays his fees and is accepted. The town with the village brass band sees him off on the train. When he arrives at University Hall for no just cause he is refused admission to college. He returns home on the night train to face lifted eyebrows and open jibes. Would any ordinary mind have failed to contemplate the mental anguish that would result from the breach.
The distinction that Morrison v. Lawrence was in tort and so not applicable faces the criticism of Magruder op. cit. p. 1060 when, comparing two Kentucky cases in one of which there the proceeding was labelled slander no action *528 was allowed against one who injured plaintiff’s feelings so that she left school by calling her a bastard, and in the other an action on the case was allowed against one who published a statement that the plaintiff owed him a debt and if promises would pay it would have been settled long-ago, the author said: “The two cases laid side by side furnish a striking instance of the incongruous results which sometimes come about where there has been a parallel development of two lines of doctrine in separate compartments or categories without talcing a view of the law as an organic whole”.
It has never been questioned that mental suffering and distress of mind are elements of damage in actions for breach of promise to marry. Grant v. Willey, 101 Mass. 356. Coolidge v. Neal, 129 Mass. 146.
Notwithstanding the statement in Sullivan v. O. C. St. Ry. Co., 197 Mass. 512, that “wealth brings no consolation to those who mourn”.
However this may be, we are dealing- with a different situation. In the first place, at least in tort, food cases have stood in a special class because of the serious consequences to human life likely to follow negligence. Newhall v. Ward Baking Co., 240 Mass. 434, 436. And the danger is no less great and no less a matter of contemplation in contract. Moreover we are not dealing with a breach of contract in general but with a breach of warranty.
In the first edition of his work on Contracts, §1393, Prof. Williston says: “One who warrants goods to possess a certain quality is- held to an extensive liability for consequential damages for breach of warranty; perhaps on the ground that such a person should more readily foresee injurious consequences from the breach of his obligation than an ordinary contractor; perhaps because of the close relation of an action for breach of warranty to the law of *529 tort. If the consequential damages thus caused are natural consequences of the breach of warranty, the plaintiff is generally allowed to recover them.”
A breach of warranty may give rise to an action of contract or an action of tort for deceit. Norton v. Doherty, 3 Gray 372. Farrell v. Manhattan Market Co., 198 Mass. 271, 274. Shuler v. Union News Co., 1936 A. S. 1273, 1275.
But it has this distinction from the ordinary action for deceit if that is important, cf. Brackett v. Perry, 201 Mass. 502, 504. It rests on the invasion of a right created by the contract.
And the probable consequences of the breach must be taken to have been contemplated, cf. Boston Woven Hose &c. Co. v. Kendall, 178 Mass. 232, 237. cf. Hall v. Paine, 224 Mass. 62, supra, cf. Leavitt v. Fiberloid Co., 196 Mass. 440, supra, cf. Peak v. Frost, 162 Mass. 298.
No one can doubt that anguish of mind, mental suffering, nervous shock or whatever name applies to mental disturbance may be the result of a breach of warranty as to food. The purchaser of an apple or mince pie who after enjoying the juicy flavor comes upon the carcass of a mouse as he approaches the last bite near the outer crust, or the consumer of a plate of hash who nearing repletion finds the remains of a cockroach, lost to sight up to that moment, or the eater of a cake who, crunching glass, is left in doubt as to how much he has swallowed, even if they are the ordinary prudent men known to the law, may well suffer severe mental disturbance, of lasting effect, cf. Ballou v. Farnum, 11 Allen 73, 77.
Nor can anyone doubt that the warrantor of the pie, the hash or the cake, if of ordinary intelligence, would contemplate such result if his warranty as to fitness for human consumption were so breached; nor that such suffering would be the natural and probable result of the breach.
*530 In the case before us then, we are dealing with food. If the evidence is believed we have mental disturbance “parasitic” on a bona fide cause of action. We have an action of contract with a tortious aspect. We have mental disturbance as the natural and probable and apprehensible result of the breach.
The close connection between mind and body has long had legal recognition. Ballou v. Farnum, 11 Allen 73, 77, 78, supra. With the marked advance in medical knowledge resulting in greater accuracy in diagnosing physical and mental ills, such limitations as the Spade and kindred decisions put upon the logical application of rules of liability should be given no extension. We think that damages for such disturbances should not be denied in the case before us. cf. Homans v. Boston El. Ry. Co., 180 Mass. 456, 458, supra, cf. Hawkins v. Jamborg, 277 Mass. 540. cf. Holt v. Mann, 1936 A. S. 669.
New trial ordered.