Van Voorhis, J. (dissenting).
In following the Massachusetts rule, which corresponded to that enunciated in this State by Mitchell v. Rochester Ry. Co. (151 N. Y. 107), Mr. Justice Holmes described it as “ an arbitrary exception, based upon a notion of what is practicable, that prevents a recovery for visible illness resulting from nervous shock alone. Spade v. Lynn & Boston Railroad, 168 Mass. 285, 288. Smith v. Postal Telegraph Cable Co., 174 Mass. 576. ” (Homans v. Boston El. Ry. Co., 180 Mass. 456, 457-458.) Illogical as the legal theoreticians acknowledge this rule to be, it was Justice Holmes who said that the life of the law has not been logic but experience. Experience has produced this rule to prevent the ingenuity of special pleaders and paid expert witnesses from getting recoveries in negligence for nervous shock without physical injury, which was stated as well as possible in Mitchell v. Rochester Ry. Co. (supra, p. 110) as follows: “If the right of recovery in this class of cases should be once established, it would naturally result in a flood of litigation in cases where the injury *243 complained of may be easily feigned without" detection, and where the damages must rest upon mere conjecture or speculation. The difficulty which often exists in cases of alleged physical injury, in determining whether they exist, and if so, whether they were caused by the negligent act of the defendant, would not only be greatly increased, but a wide field would be opened for fictitious or speculative claims. To establish such a doctrine would be contrary to principles of public policy.”
The opinion likewise points out (p. 109) the speculative nature of the usual evidence of causation where it is contended that mere fright has resulted in ‘‘ nervous disease, blindness, insanity, or even a miscarriage ’ ’.
These statements in the Mitchell opinion are not archaic or antiquated, but are even more pertinent today than when they were first stated. At a time like the present, with constantly enlarging recoveries both in scope and amount in all fields of negligence law, and when an influential portion of the Bar is organized as never before to promote ever-increasing recoveries for the most intangible and elusive injuries, little imagination is required to env-ision mental illness and psychosomatic medicine as encompassed by the enlargement of the coverage of negligence claims to include this fertile field. In Comstock v. Wilson (257 N. Y. 231), Mitchell v. Rochester Ry. Co. (supra) is not overruled, but the opinion by Judge Lehman (p. 238) cites it as well as the Massachusetts rule of Spade v. Lynn & Boston R. R. Co. (168 Mass. 285), as holding that “ for practical reasons there is ordinarily no duty to exercise care to avert causing mental disturbance, and no legal right to mental security.” Judge Lehman’s opinion continues: “ Serious consequences from mere mental disturbance unaccompanied by physical shock cannot be anticipated, and no person is bound to be alert to avert a danger that foresight does not disclose. The conclusion is fortified by the practical consideration that where there has been no physical contact there is danger that fictitious claims may be fabricated. Therefore, where no wrong was claimed other than a mental disturbance, the courts refuse to sanction a recovery for the consequence of that disturbance” (pp. 238-239).
The problem involved in enlarging the scope of recovery in negligence, even in instances where, as here, an enlargement *244 might be justified on purely theoretical grounds, is that, when once the door has been opened, the new and broader rule is in practice pressed to its extreme conclusion.* Courts and juries become prone to accept as established fact that fright has been the cause of mental or physical consequences which informed medical men of balanced judgment find too complicated to trace. Once a medical expert has been found who, for a consideration, expresses an opinion that the relationship of cause and effect exists, courts and juries tend to lay aside critical judgment and accept the fact as stated.
This is the practical reason mentioned by Judges Holmes and Lehman. The Pennsylvania Supreme Court has recently decided that to hold otherwise “ would open a Pandora’s box.” (Bosley v. Andrews, 393 Pa. 161, 168.)
In my view the judgment dismissing the claim should be affirmed.
Judges Fuld, Froessel and Foster concur with Judge Burke ; Judge Van Voorhis dissents in an opinion in which Chief Judge Desmond and Judge Dye concur.
Judgment reversed and order of the Court of Claims reinstated, with costs in this court and in the Appellate Division.

 In an article on this subject written in 1944, 30 Ya. L. Rev. 193, 217-220, the following are listed as clinical disorders probably related to emotional stimulation, in addition to the more familiar psychiatric disorders, to which liability would be extended by overruling the principle of Mitchell v. Rochester Ry. Co., supra: bronchial asthma, hyperventilation tetany, DaCosta’s syndrome, angina pectoris, hypertension, neuroeireulatory asthenia, rheumatoid arthritis, tremors and contractures, mucous colitis, peptic ulcer, dyspepsia and gastritis, retention of urine, enuresis, impotence, dysmenorrhoea, thyrotoxicosis, diabetes mellitus, anorexia nervosa, neurodermatitis, psoriasis. A medical authority is cited in each instance supporting the emotional nature of each of these disorders.