CAROL SKELTON *vs.* MASSACHUSETTS ELECTRIC COMPANY. November 4, 1970. In this action of tort for personal injuries allegedly caused by the defendant's negligence the only exceptions are to the denial by the judge of the defendant's motions for a directed verdict and for the entry of a verdict under leave reserved. The evidence most favorable to the plaintiff showed that she was a twenty-five year old housewife, was washing a window of her third floor apartment, was seated on the windowsill with her back outside and her thighs and legs inside the house, and was holding the window with her left hand and washing it with her right. The lower sash was high enough to allow her thighs to fit under it. She heard an explosion like a plane breaking the sound barrier. The window shook a little; she felt "a medium" vibration. She was startled. The next thing she knew she was falling to the ground. Simultaneous with the explosion, a divan in a nearby dwelling on which a neighbor of the plaintiff was reclining, "shook." The defendant concedes that the jury could find that the explosion was caused by the negligent repair of a joint in a manhole controlled by it. On the evidence the jury could find that the explosion had a physical impact on the plaintiff's dwelling, that the force of the impact was transmitted physically in some measure to the plaintiff accompanied by a great noise causing fright to and an involuntary physical response by the plaintiff and resulting in her injury. Thus viewed, the case is controlled by what Holmes, C.J. said in *Cameron* v. *New England Tel. & Tel. Co.* 182 Mass. 310, distinguishing *Spade* v. *Lynn & Boston R.R.* 168 Mass. 285, relied upon by the defendant. *Conley* v. *United Drug Co.* 218 Mass. 238.

*Exceptions overruled.*

*Robert D. Callahan* for the defendant.

*Peter V. Maggio, Jr.,* for the plaintiff.