THE CONSOLIDATED TRACTION COMPANY v. CHARLES LAMBERTSON.

1. When one attempts to cross a street railway track in view of a trolley car about three hundred feet away and coming in his direction at great speed, it is a question for the jury whether his act in attempting to cross under such circumstances was prudent or not, for he has a right to assume that the car is furnished with appliances to reduce speed and to stop, and with a motorman to make use of such appliances, and that the car will not continue to be run in violation of the law which limits the speed of vehicles using public streets to that which is compatible with the safe use thereof by other vehicles, and he is not bound to refrain from crossing for fear that the motorman will not make use of the appliances provided to reduce speed.

2. Evidence of opinion in respect to the probable duration of physical suffering or disability given by medical experts is admissible, although based in part upon statements made by the suffering or disabled person relating to his past or present symptoms.

3. Where there is actual physical injury, damages resulting from the incidental fright may be recovered.

On error to the Essex Circuit.

The record and bills of exception disclose that the action of Lambertson, the plaintiff below, was brought to recover damages for an injury sustained by him as the result of a collision between a car of the Consolidated Traction Company, the defendant below, and a wagon driven by Lambertson, which occurred in Broad street, in the city of Newark.

Argued at June Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE, GARRISON and LIPPINCOTT.

For the plaintiff in error, *Depue & Parker*.

For the defendant in error, *Samuel Kalisch*.

The opinion of the court was delivered by

MAGIE, J. It is first argued that error appears in the refusal of the trial judge to nonsuit the plaintiff below.

The claim is that upon the evidence given by Lambertson, he was so clearly guilty of negligence contributing to his injury that the case should have been taken from the jury. Lambertson's narration of the occurrence may be summarized thus : He was driving in a public street on which the trolley cars of the traction company ran, and turned his horse to cross one of the company's tracks, although he saw a car coming toward him " as fast as it could " upon that track, the car being, when he started to cross, about three hundred feet away. Although he had but a short distance to traverse and his horse was going on a " little trot," the car struck his wagon between the front and hind wheels.

The contention is that Lambertson, before attempting to cross the track, must have seen that the car was being driven recklessly and at an excessive and illegal rate of speed, and that it was as imprudent to attempt to cross in front of it as it would have been to attempt to cross in front of a team of runaway horses. But the comparison is inapt, and it is plain that if the jury believed Lambertson's story of the occurrence there was a question for them in respect to his prudence or imprudence in crossing the track.

The rights of Lambertson and the traction company to use the street for the passage of their respective vehicles were exactly the same with a single exception. Because the cars of the company cannot deviate from the tracks, other vehicles must give way to them when there is occasion for them to pass. But neither Lambertson nor the company could drive their vehicles at a rate of speed incompatible with the safe and customary use of it by other vehicles or by foot passengers.

Whether or not it must necessarily be inferred from Lambertson's statement that the car was moving "as fast as it could," that he must have known it was being run in an illegal manner, may, perhaps, be doubted. But assuming such an inference must be drawn, it does not necessarily follow that he should have concluded that the car would continue to be driven in the same way. He who puts himself in the way of runaway horses who have escaped from the driver's control, must know that he is taking a risk. But a jury may well say that he who crosses in front of a trolley car provided with a motorman, may assume that it is furnished with the means of stopping or reducing speed. Then there was a question for the jury in this case whether a prudent man, upon such an assumption, might not judge it safe to cross in front of a trolley car three hundred feet away, although coming at great and illegal speed. Upon the assumption of the existence of means to reduce speed and to stop, and of a servant employed to make use of such means, it would be absurd to say that one was bound to refrain from crossing for fear the servant would not make use of the means.

It is next argued that the trial judge erred in refusing to give such instructions as were requested in respect to the evidence of two medical experts who were witnesses in the cause.

It was not contested that these witnesses were qualified to testify as experts. They were called by Lambertson and permitted to express an opinion in respect to the probable duration of the suffering and disability which he claimed resulted from his injury.

It appears from the bills of exception that each of these witnesses made a separate personal examination of Lambertson, with a view to forming an opinion upon that subject. Both admitted that their opinion was in part based upon statements made to them by Lambertson, respecting his pain and its locality and what is called in the argument his past and then present symptoms.

The case does not show any exception sealed to the admis-

sion of this evidence, nor does it appear that the trial judge was asked to strike it out of the case. But the counsel of the traction company requested him to direct the jury to ignore the evidence of the experts in respect to their opinion as to the probable duration of Lambertson's suffering and disability, if they believed that opinion was based wholly or in part upon his statements of his past or present symptoms or upon statements of his present sufferings, not instinctive exclamations or ordinary and natural expressions of pain.

The trial judge refused to charge in those respects otherwise than he had charged. On this subject he had charged that the evidence was admissible, but its weight was for the jury, and that in determining its weight they might consider whether Lambertson's statements, on which the experts' opinions were partly based, were otherwise shown to be true.

That this direction of the trial judge was not erroneous to the injury of the traction company cannot be questioned in this court.

In the case of *State* v. *Gedicke*, 14 *Vroom* 86, this subject was considered by this court. Evidence of the opinion of a physician, an expert witness, as to a woman's pregnancy, was held to be admissible, although that opinion was in part founded upon her statement of her feelings. And it was further held that such an expert witness might be permitted to tell what such statements were.

This decision obviously precludes any discussion of the subject in this court. In saying this I do not intend to intimate any doubt as to the propriety of the conclusion reached in that case. All I intend to indicate is that it would be a waste of time and labor to review it here.

It is true that it is argued that the Gedicke case is distinguishable from this, in that in the former case the statements upon which the expert's opinion was based were made by a person not a party to the suit, while in this case they were made by a person who was a party to the suit and deeply interested. But obviously this objection is effective, not as to the admissibility of the evidence, but as to its weight when admitted.

Whether the trial judge erred in his direction to the jury that in determining the weight to be given to the opinions of these experts, they might consider whether or not the statements of Lambertson, on which those opinions were in part based, were shown to be true by other evidence, need not be considered, because if such direction was erroneous it was not an error injurious to the traction company, the present plaintiff in error.

It was lastly argued that it was erroneous in the trial judge to refuse to charge certain requests respecting the condition of the motor power of the car which came into collision with the wagon of Lambertson.

There is nothing in the bills of exception to indicate that it was claimed that the collision could be attributable to the bad condition of the motor power of the car. In the course of the trial the motorman was called as a witness, and, upon cross-examination, denied that he had stated to certain persons that the motor was out of order. Those persons were afterward called in rebuttal and testified that he did make such statements to them. But the trial judge was careful to direct the jury that such evidence could not be used to establish the fact that the motor was out of order, but only to affect the credibility of the motorman as a witness. In this we think he did all that was required of him, and was not bound to charge as requested on this subject.

As none of the grounds on which error is alleged appeared to be good, the judgment must be affirmed.

With the case above disposed of, two other cases were argued. Both were presented by writs of error upon judgments in actions for damages claimed by reason of injury produced by the same collision.

In one of them, Julius Lambertson, a son of Charles Lambertson, was the plaintiff below. He was in the wagon with which the car of the traction company collided. The questions presented by the assignments of error have all been disposed of by what has been previously said except one.

The additional contention in his case is that it was error to

permit the jury to award him damages for any injury suffered by him from the collision, because, as is urged, his injury was not the result of any physical impact upon his person, but was solely the result of fright and the consequent mental shock.

But this is obviously a misconception of the facts proved. He was in the wagon which was struck by the ear going at great speed, and was carried along by the car for some distance before it was stopped. There was, therefore, an actual injury done to his person, and the cases cited on the argument, to the effect that an injury produced by mere fright cannot be recovered for, are inapplicable. Even where the sole physical injury arose from an attempt to escape from actual danger, it has been held in this court that damages may be recovered for the impairment of health occasioned by the consequent fright. *Buchanan* v. *West Jersey Railroad Co.*, 23 *Vroom* 265.

In this case the judgment must also be affirmed.

In the other case the plaintiff below was Peter Hoimark, who, it appears, sat on the seat of the wagon driven by Charles Lambertson, and was found to be injured by the same collision.

It is not perceived that any other questions are raised by the assignments of error in this case than those previously disposed of.

This judgment must also be affirmed.