DANIEL BROWN, DEFENDANT IN ERROR, v. ELIZABETH, PLAINFIELD AND CENTRAL JERSEY RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued November 24, 1902—Decided March 2, 1903.

Plaintiff attempted to cross, on foot, trolley tracks laid in the middle of an avenue with which he was familiar. The time was after seven o'clock in the evening of February 12th. The night was very dark and rainy. He was struck and injured by a trolley car coming from the east. In that direction the avenue was straight for a long distance. The car carried a headlight at its top and its interior was also lighted. From the configuration of the ground all the lights of a car thus approaching could be seen for six hundred and fifty or seven hundred feet, and the headlight for a much greater distance. He testified that when he started to cross he did not see the car, but before he succeeded in crossing he was struck, though he "stepped as quick as he could." *Held*, that upon plaintiff's case, his negligence contributing to his injury so clearly appeared that it was error to submit the case to the jury.

On error to the Union County Circuit Court.

For the plaintiff in error, *Frank Bergen.*

For the defendant in error, *Jeremiah A. Kiernan.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The record brought up by this writ of error discloses a judgment in favor of the plaintiff in an action brought to recover compensation for injuries sustained by him by reason of a collision with a trolley car of the defendant. The judgment is assailed on the single ground that the trial judge erred in refusing to nonsuit the plaintiff.

It appears, by the bill of exceptions, that the motion to nonsuit was made upon two grounds—*first*, that there was a failure of evidence to justify a finding by the jury that the motorman engaged in running the trolley car which struck plaintiff was guilty of any neglect of the duty which the com-

pany owed to a pedestrian crossing the track of the company under the circumstances proved in the case, and *second,* that, upon the plaintiff's testimony, his own negligence contributing to his injury was conclusively, and as a matter of law, established, so that a verdict in his favor lacked the support of evidence.

It has been deemed necessary to consider only the second ground on which the motion was based.

In dealing with the questions thus presented it must be assumed that the jury were entitled to give credence to the testimony of the plaintiff and the witnesses produced by him, and to draw therefrom all reasonable inferences favorable to his contention. The question is whether, upon such assumption, a verdict for the plaintiff is supportable.

The circumstances disclosed by the evidence thus given are these: The collision took place after seven o'clock in the evening of February 12th. The evening was very dark, and it was raining. Plaintiff had left his work, and was going toward his home, on foot. He had reached a public street called South avenue, and was passing along it, on the south side, in an easterly direction, when he, for reasons which he gave, crossed, or attempted to cross, to the northerly side of the avenue. In doing this he was obliged to cross the tracks of the defendant, which were laid in the centre of the avenue. Plaintiff was accustomed to pass along that avenue, and knew the location of the tracks. Before he had crossed the tracks he was struck by a car going westerly on the westbound track (which was the more northerly of the two tracks) and injured.

From the point where the collision occurred the avenue, in an easterly direction, was straight for a long distance. There was an ascending grade in that direction of about two and one-half per cent. to a summit six hundred and fifty or seven hundred feet distant. Beyond that summit there was a descending grade of about the same rate. There were lights along one side of the avenue at rather long intervals. The car which collided with plaintiff carried a headlight at the top and its interior was also lighted.

From these physical facts it is obvious that the lights of the approaching car could be seen from the point of the collision for over six hundred feet, and that the headlight of the car could be seen for a much longer distance.

In attempting to cross the tracks a duty was imposed on the plaintiff to take such care for his safety as reasonable prudence required under the peculiar circumstances. He was bound to use his powers of observation to discover the approaching car, and to exert his judgment how to avoid the danger of a collision. What he did do may be shown by the following excerpts from his testimony:

"*Q.* When you started to cross the track, did you see any trolley?

"*A.* I saw lights way up on the hill; I could not see what light it was.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

"*Q.* What track did you stand on?

"*A.* On the south side when I started.

"*Q.* When you started to cross?

"*A.* Yes, sir.

"*Q.* When you started to cross, was there a trolley car in sight?

"*A.* None that I could see.

"*Q.* What was it that first drew your attention?

"*A.* The light I see on the track.

"*Q.* What did you do then?

"*A.* I stepped as quick as I could—I thought it was the trolley—I stepped as quick as I could."

As the plaintiff did not pause to discover what the light which he saw up on the hill was, or whether it was the light of an approaching vehicle, he did not place himself in the position of one who, having occasion to cross a track of this sort, and having observed an approaching car, exercises his judgment as to his being able to cross safely without risk of a collision, a situation which has been dealt with in many cases. *Consolidated Traction Co.* v. *Lamberton,* 30 *Vroom* 297; *S. C.,* 31 *Id.* 452; *Newark Passenger Railway Co.* v. *Block,* 26 *Id.* 605; *Atlantic Coast Railway Co.* v. *Renard,* 33 *Id.* 773.

Whether or not a passenger in such cases has exercised a prudent care for his safety must generally be a question for a jury.

But, by his evidence, the plaintiff put himself in another category. He admitted that when he started to cross the tracks he saw lights "away up on the hill," and did not know what light it was. Prudence required him then to wait a sufficient time to enable him to observe whether the lights which he saw were those of the street lamps on the side of the avenue, or were those of a car in the middle of the avenue. Without waiting he proceeded to cross. When he says that, at that time, he could see no trolley car in sight, he conclusively establishes that he did not then make the observation which duty required of him, because, if he had done so, he would undoubtedly have discovered the approaching car, and have been able to avoid the collision. The case in this aspect falls within the doctrine of *Pennsylvania Railroad Co.* v. *Righter,* 13 *Vroom* 180.

Upon this view it was error in the trial judge to refuse to nonsuit the plaintiff, and there being nothing in the evidence afterward taken to change the situation as it appeared at the close of the plaintiff's case, the judgment cannot be sustained, and must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, GARRETSON, HENDRICKSON, PITNEY, BOGERT, VREDENBURGH, VOORHEES, VROOM. 12.