McGary *v.* Stephen.

[No. 15,333. Filed April 12, 1937.]

*Carl A. Osterman* and *Otto E. Grant,* for appellant.
*Samuel D. Jackson,* for appellee.

BRIDWELL, P. J.—This action was brought by appellee against appellant to recover damages for injuries sustained by appellee on account of and as a result of alleged negligent conduct on the part of appellant. An answer of general denial closed the issues. The cause was tried by the court without the intervention of a jury, and there was a finding and judgment in favor of appellee in the sum of $1,000. In due course appellant filed motion for a new trial, which was overruled, to which ruling he excepted, and thereafter perfected this appeal. The error assigned and relied upon for reversal is the overruling of said motion.

The motion for a new trial assigned as causes therefor, among others, that the finding of the court is not sustained by sufficient evidence; that it is contrary to law; and error in the exclusion of evidence. These are the only causes discussed by appellant in his brief, and it is upon such reasons that he relies to show error in the overruling of said motion.

Appellant contends that the complaint of plaintiff (appellee) clearly shows by its averments that the theory of appellee was that the defendant (appellant) "was liable under the doctrine of the last clear chance"; that the case was tried upon that theory; that appellee must recover upon the theory of his complaint, or not at all; and "that the evidence does not support a finding (for appellee) on said theory."

Appellee, on the other hand, asserts that "the trial court did not regard the complaint to be based on the theory of last clear chance, or try the case upon any such theory." Each of the parties point out allegations of the complaint tending to support the several contentions made as to its theory. In the briefs much space is devoted to a discussion of the subject-matter of what has come to be commonly known and spoken of among lawyers as the doctrine of last clear chance; also to that principle of law announced in many of our decisions, that one must recover in accordance with the theory of his complaint, or not at all. So much has been written concerning both subjects by our own appellate tribunals, that we need not herein enter upon any full discussion of either.

Our statute relative to the required contents of a complaint (section 2-1004 Burns 1933, §110 Baldwin's 1934) provides that it shall contain "a statement of the facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common

understanding to know what is intended." This statute says nothing about the "theory" of a complaint.

Appellant's contentions present the question, What is meant by the "theory" of a complaint? In *Chicago, etc., R. Co.* v. *Collins* (1924), 82 Ind. App. 41, 143 N. E. 712, this court, in overruling a petition for a rehearing in a cause wherein damages had been awarded on account of negligence, said (p. 56) :

> "It is desirable that in every complaint the facts shall be stated with precision and with due regard for logical sequence. It is desirable that every complaint shall be skillfully drafted, so that the intent and purpose of the pleader will be spontaneously revealed, or at least may be readily ascertained. But that cannot be exactly what is meant by the 'theory' of the complaint; for perfection in pleading is not essential. . . .
>
> "An attentive study of a large number of cases has led to the conviction that wherever it has been said that complaint must proceed upon a definite 'theory', which is to be determined from the general scope and tenor of the complaint, nothing more or less is meant than the complaint must reveal the character of the action—the nature of the action. . . . More definitely stated: a complaint must be so drafted as that, from its general scope and tenor, the court may determine whether it states a cause of action founded on negligence or fraud; whether it is an action for replevin or ejectment; whether it is an action to foreclose a mortgage or to quiet title; or whether it is an action of some other kind. In yet other words: a complaint must be so drafted that the court may see to what class of actions the cause of action therein stated belongs, and may know what branch of the law is applicable."

In the instant case, considering all the allegations of the complaint, there can be no doubt that the "theory" of the complaint is negligence, and that liability on the part of appellant, and a right of recovery on the part of appellee is asserted because of *negligence,* and not otherwise.

In our examination of the record we observed that no effort was made in the trial court to require of appellee that he separate the complaint into paragraphs, nor was there a motion to strike out any of its averments. Neither was there a motion to require that it be made more specific in any particular; nor was the sufficiency of the facts pleaded to state a cause of action challenged.

While the complaint contains averments of fact which, if established by sufficient evidence, would permit a recovery under the doctrine of last clear chance as defined by our courts of review, it also avers facts which, if proven, would permit a recovery because of negligent conduct without the element of last clear chance being in any way necessarily involved upon the trial of the cause. Under such circumstances, and the state of the record here, if the evidence be sufficient to sustain the decision, we would not be justified in reversing the judgment for lack of evidence to prove liability under the last clear chance doctrine.

We have read the evidence. It discloses that appellee, at the time he was injured, was attempting to cross Hanna Street in the city of Ft. Wayne, Indiana, on foot, and while so doing was struck by an automobile being driven along and over said street by appellant, and because thereof, he (appellee) sustained injuries consisting of multiple bruises, five broken ribs, and a punctured lung, causing great pain and suffering, and which kept him confined to a hospital about two weeks, and incapacitated him for labor during a period of approximately six months; that by occupation he was a structural iron worker, and capable of earning $55.00 a week when employed. The evidence is conflicting concerning material facts relative to the conduct of both parties at the time of, and shortly prior to the accident, but it is sufficient to sustain the decision

of the court below, and it is not the province of this court to weigh the evidence.

Other errors claimed relate to rulings of the court in connection with evidence offered and evidence stricken out on motion of appellee. A witness called and examined by appellee had testified in substance that she had seen the appellee on the sidewalk near the place where the accident occurred; that he had paused at the street curb before starting across the street, and looked in both directions. On cross-examination she was asked:

Q. "And would you say, judging from his actions and the general conditions which you observed about him, that he was sober or intoxicated at that time?"

An objection to the question was made by appellee, and sustained by the court, the court stating: "I do not think it is proper cross-examination." Later, while continuing the cross-examination of the witness, she was asked:

Q. "What called your attention to the fact that he paused there? Was there anything particularly unusual about that, Miss Gurevsky?"

And answered as follows:

A. "Well, not so very much, but intoxicated people, why when you see them you usually take notice of them."

On motion of the appellee this answer was stricken out. Appellant excepted to each ruling. After reading the entire evidence of this witness, and considering it, together with the testimony given by other witnesses relative to whether appellee was intoxicated at the time of the accident, we conclude that no reversible error was committed by either ruling. On direct examination of the witness no inquiry was made concerning whether appellee was intoxicated, and on cross-examination she

was permitted to testify without objection as to his manner of walking, that he was "staggering" and "slightly stooped." Conceding that the question asked, and to which an objection was sustained, inquired about a matter pertinent to the issues being tried, it was relevant only as bearing upon the question of any contributory negligence on the part of appellee, which was a matter of defense. Appellant introduced other evidence tending to prove that appellee was intoxicated when injured, but made no effort to use this witness as his own, and thereby elicit from her any desired evidence denied him by the rulings of which he complains. The extent of cross-examination is a matter resting largely in the sound legal discretion of the trial court. In the instant case an abuse of such discretion is not shown; nor is it apparent that the action of the court in sustaining the objection to the question asked, and in striking out the answer given to the subsequent question, necessarily operated to deprive appellant of competent evidence in maintaining his defense. The court did not err in overruling the motion for a new trial.

Judgment affirmed.