*Southern District*

No. 32852.

## SAMUEL CANCEL

*v.*

## MASSACHUSETTS BAY
## TRANSPORTATION AUTHORITY

Argued: Dec. 21, 1971 — Filed: Feb. 7, 1972

*Present:* Murphy, P.J., Covett, Rider, JJ.

Case tried to *Colten, J.*, in the Municipal Court of the West Roxbury District, No. 32852.

**Murphy, P. J.** This is an action of tort to recover for property and money damages and for extreme fright and anxiety alleged to have occurred on December 31, 1970, while the plaintiff was operating his automobile on Centre Street in Jamaica Plain, Massachusetts, when a high voltage wire fell upon his automobile, due to the negligence of the defendant, as a result of which he was "electrocuted," severely frightened and injured, incurred medical expenses and was unable to pursue his usual occupation for a long period of time.

The defendant's answer alleges a general denial and contributory negligence.

The court found for the plaintiff in the sum of $150.00 as to count 2 (property damage) and for the defendant as to count 1 (personal injuries).

*At the trial there was evidence tending to show:*

The plaintiff was proceeding along Centre Street, Jamaica Plain, on December 31, 1970, at about 3:30 P.M. A high electrically charged wire broke from a pole and fell upon the roof of the plaintiff's automobile, which he was operating, damaging it. The plaintiff, seeing the sparks and fire of the electricity, became extremely frightened and was rendered unconscious from his fright for several minutes. The plaintiff was not touched by the wire at any

time, nor was the plaintiff's body touched by sparks from the wire, nor was his clothing burned by any sparks. The plaintiff sustained no physical injuries from without. Upon regaining consciousness, he heard firemen shouting at him not to touch anything metallic on the automobile while they were attempting to remove the wire from the plaintiff's car. Within fifteen minutes, the plaintiff was removed from his car and taken to his family physician and later given an electrocardiogram. The plaintiff remained under the care of his physician for approximately 12 days, during which period of time the plaintiff states he had severe chest pains and difficulty in breathing. The plaintiff lost one full week from work.

The defendant offered no evidence.

At the close of the trial and before final arguments, the plaintiff filed five requests for rulings. We do not repeat all five requests here but confine our review to the denial of request number 5, which is the sole basis of this appeal, and which reads as follows:

> "5. The plaintiff is entitled to recover on showing injury by extreme fright and anxiety."

The court found the following facts:

"The plaintiff was proceeding along Centre Street, Jamaica Plain. A high electrically charged wire broke from a pole and fell upon the roof of the plaintiff's automobile damaging it. Though the automobile was damaged, the

plaintiff sustained no physical injury. The plaintiff claims he passed out from fright. Police and firemen came and the plaintiff was taken out of the automobile within fifteen minutes. The plaintiff had a cardiogram taken. There was no damage to his heart.

"I find as a fact there was no physical injury sustained by the plaintiff."

The plaintiff claims to be aggrieved by the denial of request number 5, namely, that the plaintiff is entitled to recover on showing injury by extreme fright and anxiety.

The action of the judge was correct.

The leading case on recovery for injury caused by extreme fright and anxiety has been *Spade* v. *Lynn and Boston Railroad Company,* 168 Mass. 285, 290, where it was said, "there can be no recovery for fright, terror, alarm, anxiety or distress of mind if these are unaccompanied by some physical injury." This case was reaffirmed in *Sullivan* v. *H. P. Hood and Sons, Inc.,* 341 Mass. 216-221, where the court held that the plaintiff who became violently ill after drinking milk containing mouse droppings could not recover, and the court said, "and if this rule is to stand (referring to the *Spade* case) we think it should also be held that there can be no recovery for such physical injuries as may be caused solely by such mental disturbance where there is no injury to the person from without."

For an excellent discussion of this entire question see *George* v. *Jordan Marsh Com-*

*pany,* 1971 Mass. Advance Sheets, page 563, where the court speaking through Quirico, J. undertook a comprehensive historical review of the relevant case law on this proposition. The point decided by that case is not material here, and we make no further comment, except to say that the decision does clear the air somewhat and opens the door a crack as to the possibility of recovery under an allegation of distress without bodily injury under certain conditions not relevant here. *Smith* v. *Postal Telegraph Cable Co. of Mass.,* 174 Mass. 576.

In the instant case, the record does not disclose any "injury" as presently defined by law. The plaintiff fainted or passed out from fright when the wire fell on the car; and whatever injury he may have sustained was caused solely by fright and not otherwise. There was no contact of any kind with his person, nor any evidence of physical injury. The cases cited by the plaintiff in his brief are clearly distinguishable from the instant case, particularly, on the question of "physical injury."

The judge found as a fact that the plaintiff did not sustain physical injury from without, and this finding must stand. *Moss* v. *Old Colony Trust Co.,* 246 Mass. 139 and cases cited.

There being no prejudicial error, an order should be entered **dismissing the report.**

FREDERICK G. TALABACH

of Roxbury, for the plaintiff

VINCENT M. BANKS

of Jamaica Plain for the defendant.