*Municipal Court of the*
*City of Boston*

No. 265174

**PATRICK MAYE**

v.

**THE COCA COLA COMPANY**, et als

Argued: Jan. 19, 1973 - Decided: Feb. 27, 1973

*Present:*  Canavan, J. (Presiding), Foster, DeGuglielmo, JJ.

Case tried to *Glynn, J.*

**Foster, J.** This is an action of contract and tort to recover in Count 1 in tort for negligence

and Count 2 in contract for breach of warranty.

**There was evidence that** the plaintiff purchased a bottle of Fresca from a vending machine in the lunchroom at his place of employment. The plaintiff opened the bottle and started to drink when it tasted flat to him. He looked at the bottle and saw something which he described as one inch in diameter and white in color in the bottle. He did not get this substance in his mouth.

After seeing this substance in the bottle, he immediately began to feel sick. He left the lunchroom and went to the parking lot in front of the building where he vomited. He left work and went home and was seen by his employer's doctor on the following day at home. He stayed out of work for the following three days during which time he took milk of magnesia and felt nauseous.

A representative of the defendant companies and two representatives from the Food and Drug Administration went to the plaintiff's place of employment and took samples. There was also evidence that, upon examination at the Food and Drug Administration, there was found at the bottom of the bottles tested a large spongy substance.

The defendant filed several requests for rulings of law, all of which were allowed, except requests numbers 1 and 5 which were denied.

However, for the purpose of this decision only request number 10 will be considered.

Defendants' requests are as follows:

1. The evidence does not warrant a finding that the defendant entered a contract with the plaintiff.

2. Notice to the defendant is a condition precedent to recovery for breach of warranty.

3. Notice of breach of warranty must be timely, it must refer to a particular sale, fully advise the defendant of the alleged defect, and repel the inference of waiver so that the defendant can reasonably infer therefrom that the plaintiff is asserting a violation of his rights.

4. Notice to the defendant has not been pleaded by the plaintiff.

5. Notice to the defendant has not been proven by the plaintiff.

6. The plaintiff has the burden of proving that the injuries alleged in Count One of his declaration were caused by the negligence of the defendant, and this is an affirmative burden which cannot be left to surmise, conjecture, or imagination.

7. The mere presence of a foreign substance does not show negligence.

8. The plaintiff has not proven by the preponderance of the evidence that the defendant was negligent.

9. The plaintiff cannot recover for any physical injury he may have sustained solely

as a result of his mental or emotional disturbance, in the absence of extreme and outrageous conduct, intentionally causing such injury by the defendant.

10.  The plaintiff did not suffer an "injury from without" and is not entitled to recover.

The court found the following:

"I find that the plaintiff purchased a bottle of "Fresca" from a vending machine of the defendant that advertised the product. The plaintiff was made ill from drinking the product which contained a foreign and deleterious substance. I further find that the defendant was notified within 2 or 3 days of the incident. I further find that there was a breach of the implied warranty of fitness."

The defendant filed a motion to correct the finding on the grounds of inconsistency which motion was filed by leave of court and read as follows:

"The defendant says that it seasonably filed requests for rulings and among these rulings the court allowed request #10 which read as follows:

"10.  The plaintiff did not suffer an "injury from without" and is not entitled to recover."

"The defendant alleges that the allowance of request #10 is inconsistent with the court's finding for the plaintiff on Count Two in the amount of $500.00 and the court's finding that "The plaintiff

was made ill from drinking the product which contained a foreign and deleterious substance'' which finding the defendant says was not warranted by the evidence before the Court.''

The defendants' motion to correct the finding on the grounds of inconsistency was denied by the trial justice, bringing the matter to this Division.

The issue is the correctness of the trial judge's denial of the defendants' motion to correct the finding on the grounds of inconsistency.

The defendants' request for ruling #10 that ''the plaintiff did not suffer an injury ''from without'' and is not entitled to recover'' was allowed by the court, and therefore, a finding was warranted for no more than nominal damages for the plaintiff for the breach of warranty. The defendant further alleged that the court's allowance of defendants' request for ruling number 10, and its finding for the plaintiff on Count Two in the amount of $500.00 together with its finding that ''The plaintiff was made ill from drinking the product which contained a foreign and deleterious substance'' are clearly inconsistent.

The trial justice has ruled that the plaintiff did not suffer an ''injury from without'' and therefore he ruled that the injury that was incurred by the plaintiff was caused by fright, terror, alarm, anxiety or distress of mind.

The doctrine as set forth in the case of *Spade* v. *Lynn and Boston Railroad Company*, 168 Mass. 285, appears to be the law of this Commonwealth as elaborated upon in the case of *George* v. *Jordan Marsh Company*, Massachusetts Advance Sheets of 1971 at page 563, wherein the court recognized the *Spade* doctrine and went on to say that the law of the Commonwealth should be and is, that one who without privilege to do so, by extreme and outrageous conduct, intentionally causes severe emotional distress to another with bodily harm resulting from such distress, is subject to liability for such emotional distress and bodily harm even though he has not committed any heretofore recognized common law tort. And the court further ruled that such facts as above would constitute an exception to the established rule as set forth in the *Spade* case. The court continues to recognize the existence of the doctrine as set forth in the *Spade* case and merely makes an exception when the action on the part of the defendant was wilful and wanton.

The *Spade* case has been reaffirmed in the case of *Sullivan* v. *H. P. Hood and Sons, Inc.*, 341 Mass. 216, wherein the plaintiff felt some "little stuff" go into her mouth and down her throat when she drank milk and ingested the milk containing fecal matter which had come from a container in which there was a dead

mouse. The court said, "We are not dealing with a battery, and we are unwilling to hold that the plaintiff suffered an 'injury from without' ". The plaintiff was entitled to recover no more than nominal damages from the seller of the container of milk.

The *Spade* case is still the law of this Commonwealth but it appears to have been relaxed to some extent, at least, as reported in the *George* case. [See: *Cancel* v. *M.B.T.A.*, 48 Mass. App. Dec. 1].

In view of the above, since the trial justice has ruled that the plaintiff did not suffer an injury "from without" the plaintiff is entitled to recover no more than nominal damages for the breach of warranty and it is so ordered.

On the basis of the foregoing, the motion by the defendant that the court correct it's finding so that it be consistent with the granting of request for ruling number 10, should have been allowed.

**Judgment for the defendant in Count 1 is affirmed.**

**On Count 2 judgment is to be entered for the plaintiff for nominal damages in the amount of one dollar.**

EDWARD P. EDWARDS
    for Plaintiff
ALLEN C. SMITH
    for Defendant